Benoit v Jamaica Anesthesiologist, P.C. (2022 NY Slip Op 04285)

Benoit v Jamaica Anesthesiologist, P.C.

2022 NY Slip Op 04285

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-00139
 (Index No. 615476/18)

[*1]Vladimir Benoit, etc., et al., appellants,
v
Jamaica Anesthesiologist, P.C., etc., respondent, et al., defendant.

Kudman Trachten Aloe Posner LLP, New York, NY (Paul H. Aloe and Christopher T. Shanahan of counsel), for appellants.
Foley & Lardner LLP, New York, NY (Barry G. Felder and Rachel E. Kramer of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that the plaintiffs are entitled to receive their respective shares of certain funds being held in escrow, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered December 26, 2019. The judgment, upon an order of the same court dated November 26, 2019, inter alia, denying the plaintiffs' motion for summary judgment on the complaint and granting that branch of the cross motion of the defendant Jamaica Anesthesiologist, P.C., which was for summary judgment on its second counterclaim, for a declaratory judgment in its favor, declared that the defendant Jamaica Anesthesiologist, P.C., is entitled to receive the subject funds being held in escrow.
ORDERED that the judgment is reversed, on the law, with costs, the plaintiffs' motion for summary judgment on the complaint is granted, that branch of the cross motion of the defendant Jamaica Anesthesiologist, P.C., which was for summary judgment on its second counterclaim is denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment, inter alia, making the appropriate declaration in accordance herewith.
The plaintiffs were physicians or certified registered nurse anesthetists employed by the defendant Jamaica Anesthesiologist, P.C., doing business as Jamaica Anesthesia Associates, P.C. (hereinafter Jamaica Anesthesia). One of the terms of the plaintiffs' respective employment agreements required Jamaica Anesthesia to procure, maintain, and pay the premiums for a professional liability policy for each plaintiff. Jamaica Anesthesia procured a policy from the defendant Medical Liability Mutual Insurance Company (hereinafter MLMIC) for each plaintiff, and the plaintiffs were named as the policyholder of their respective policy while Jamaica Anesthesia was named as policy administrator.
MLMIC subsequently converted from a mutual insurance company to a stock insurance company, and its state-approved conversion plan (hereinafter the conversion plan) [*2]provided that eligible MLMIC policyholders, or their designees, would receive cash consideration in exchange for the extinguishment of the policyholder's membership interest (see generally Insurance Law § 7307[e][3]). Jamaica Anesthesia requested that the plaintiffs designate it to receive their allocable shares of the cash consideration funds, and the plaintiffs refused.
Thereafter, the plaintiffs commenced this action for a judgment declaring that they are eligible policyholders entitled to their allocable shares of the cash consideration due under the conversion plan, which funds were being held in escrow. Jamaica Anesthesia answered the complaint and asserted, inter alia, a counterclaim (the second counterclaim) for a judgment declaring that it is entitled to the cash consideration, alleging that the plaintiffs would be unjustly enriched if they received the subject funds because Jamaica Anesthesia had paid the premiums for the policies.
The plaintiffs subsequently moved for summary judgment on the complaint. Jamaica Anesthesia cross-moved, inter alia, for summary judgment on its second counterclaim. In an order dated November 26, 2019, the Supreme Court, relying upon the decision of the Appellate Division, First Department, in Matter of Schaffer, Schonholz & Drossman, LLP v Title (171 AD3d 465), which addressed a dispute over the cash consideration due under the conversion plan, among other things, denied the plaintiffs' motion and granted that branch of Jamaica Anesthesia's cross motion which was for summary judgment on its second counterclaim. The court then entered a judgment declaring that Jamaica Anesthesia is entitled to the cash consideration due under the conversion plan. The plaintiffs appeal.
Since Schaffer was decided, the Court of Appeals has conversely held that, "when an employer pays premiums to a mutual insurance company to obtain a policy of which its employee is the policyholder, and the insurance company demutualizes, absent contrary terms in the contract of employment, insurance policy, or separate agreement, the policyholder is entitled to the proceeds from the demutualization" (Columbia Mem. Hosp. v Hinds, ___ NY3d ___, ___, 2022 NY Slip Op 03306, *4; see Maple Med., LLP v Scott, 191 AD3d 81, 98-105). Accordingly, here, since the plaintiffs are the named policyholders and did not assign their rights to the cash consideration to Jamaica Anesthesia, they are entitled to those funds (see Columbia Mem. Hosp. v Hinds, ___ NY3d ___, 2022 NY Slip Op 03306). We therefore reverse the judgment and remit the matter to the Supreme Court, Nassau County, for the entry of an amended judgment, inter alia, declaring that the plaintiffs are entitled to their allocable shares of the cash consideration due under the conversion plan (see id.; Maple Med., LLP v Scott, 191 AD3d 81).
BARROS, J.P., IANNACCI, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court